NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 20, 2019
Decided March 20, 2019

**Before**

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 18-2202

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 17 CR 72-1 |
| MIGUEL BARRERA-SOBERANIS, *Defendant-Appellant.* | Virginia M. Kendall, *Judge.* |

**O R D E R**

After his removal to Mexico in 2014, Miguel Barrera-Soberanis returned to the United States and was arrested in 2016 in Lake County, Illinois. He pleaded guilty to unlawfully reentering the country. *See* 8 U.S.C. § 1326. The district court sentenced him to 48 months' imprisonment—below the Guidelines range of 57 to 71 months—and he now appeals that sentence. His appointed lawyer, however, moves to withdraw from the appeal, arguing that it is frivolous. *See Anders v. California*, 386 U.S. 738, 744 (1967). Barrera-Soberanis has not responded to counsel's motion. *See* CIR. R. 51(b). Because counsel's supporting brief explains the nature of the case and addresses issues that an appeal of this kind might be expected to involve, we limit our review to the subjects she

discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel first informs us that Barrera-Soberanis told her that he does not wish to withdraw his guilty plea; counsel therefore properly does not discuss the voluntariness of the plea or the adequacy of Barrera-Soberanis's plea colloquy. *See* FED. R. CRIM. P. 11; *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Barrera-Soberanis does wish to contest the length of his sentence and the calculation of his Guidelines range, so counsel explores both potential challenges. She begins with the Guidelines calculation and correctly concludes that Barrera-Soberanis has no worthwhile argument. The judge correctly ruled that Barrera-Soberanis had a base offense level of eight and that he qualified for two eight-level enhancements for felony convictions before and after his removal in 2014. U.S.S.G. § 2L1.2(a), (b)(2)(B), (b)(3)(B). The judge also properly reduced his offense level three points for acceptance of responsibility, yielding a total offense level of 21. *See id.* § 3E1.1. His criminal history, which consists of felony trespass to a residence, unlawful possession of a firearm, and unlawful possession of marijuana, led to a score of seven, *see id.* § 4A1.1, and a criminal-history category of IV, *see id.* ch. 5 pt. A. The district court rightly concluded that these numbers generate a sentencing range of 57 to 71 months. *Id.*

Finally, counsel considers whether Barrera-Soberanis could challenge the reasonableness of his sentence and properly concludes that such a challenge would also be pointless. Barrera-Soberanis's 48-month sentence is below the low end of his calculated Guidelines range. We would presume that Barrera-Soberanis's sentence is reasonable because it is below the range, *see United States v. Purham*, 795 F.3d 761, 765 (7th Cir. 2015), and we agree with counsel that the record presents no basis to disturb the presumption. The district judge adequately weighed the relevant factors in 18 U.S.C. § 3553(a), including the arguably mitigating factor of violence in Mexico, the serious nature of returning unlawfully to the United States after removal for committing a felony, and the need to deter Barrera-Soberanis and others from unlawfully doing the same. *See United States v. Nania*, 724 F.3d 824, 838–39 (7th Cir. 2013).

Accordingly, we GRANT the motion to withdraw and DISMISS the appeal.